**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DIANA GONZALEZ,<br>Plaintiff, | : | NO. 4:25-CV-01771 |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | : | |

## MEMORANDUM OPINION

Plaintiff Diana Gonzalez brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability under Title II of the Social Security Act. Transcript, doc. 5-2 at 24. She challenges the Administrative Law Judge's (ALJ) step two determination. Pl.'s Br., doc. 10 at 7. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On January 19, 2024, Gonzalez applied for disability insurance benefits under Title II of the Social Security Act, alleging disability as of

October 1, 2023. Doc. 5-3 at 2. Following an initial denial, Gonzalez submitted an appeal, requesting a hearing before an ALJ. Doc. 5-4 at 17. The ALJ conducted the hearing and determined that Gonzalez was not disabled. Doc. 5-2 at 24.

Gonzalez filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Gonzalez's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 10-11) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 8.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After step two of the five-step sequential analysis, the ALJ determined that Gonzalez "was not under a disability, . . . at any time from October 1, 2023, the alleged onset date, through December 31, 2023, the date last insured." Doc. 5-2 at 24. The ALJ denied Gonzalez's disability claim at step two because he found that Gonzalez "does not

have an impairment or combination of impairments that significantly limited her ability to perform basic work activities from October 1, 2023 to December 31, 2023." *Id.* at 23.

On appeal, Gonzalez challenges the ALJ's decision to end the disability analysis at step two. Doc. 10 at 7. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not

only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Gonzalez is disabled, but whether the Commissioner's finding that Gonzalez is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Gonzalez primarily argues that the ALJ erred by improperly ending the disability analysis at step two. Doc. 10 at 7. Specifically, she disagrees with the ALJ's reasoning that there was "no treatment between the alleged onset date and the date last insured" and that the treatments before and after the relevant period did not show "more than minimal effect" on work activities. *Id.*, citing doc. 5-2 at 21; *see also id.* at 12-13.

For a claim of disability insurance benefits, as Gonzalez applied for in this case, it is the claimant who bears the burden of establishing disability "between the onset date of disability and the date that her insured status expired." *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014); *see* 42 U.S.C. § 423(a)(1)(A); 20 C.F.R. § 404.131. Evidence generated after a claimant's date last insured can relate to the conditions during the insured period, but that evidence does not necessarily compel the Commissioner to find that the claimant's condition during the insured period was as severe as it became after the date last insured. *See Zirnsak*, 777 F.3d at 614. "Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability

benefits under the Act." *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd*, 649 F.2d 858 (3d Cir. 1981); *see also Matullo v. Bowen*, 926 F.2d 240, 246 (3d Cir. 1990) (finding that new evidence of treatment after date last insured was not relevant to the question of whether the claimant has established disability prior to the expiration of the claimant's date last insured).

Here, Gonzalez had the burden of establishing her disability between the relevant period from October 1, 2023, the alleged onset of disability, and December 31, 2023, the date last insured. *See* doc. 5-2 at 18. The ALJ accurately noted that there is no treatment between the alleged onset date and the date last insured. *Id.* at 21. The ALJ, however, still considered the treatment records from the dates prior to the alleged onset date and after the last date insured. *See id.* at 22. In fact, the ALJ explained that Gonzalez was responding well to medication in December 2022, and "reported minor headaches maybe twice a week." *Id.* Concerning her sleep apnea impairment, following a neurology visit, "the claimant did not return to the neurologist as recommended to discuss the sleep study, and was not seen until October 4, 2024, ten months after the date last insured." *Id.* at 22-23. While accurately noting that Gonzalez

sought no treatment between the alleged onset date and the date last insured, the ALJ still evaluated her treatment records outside the insured period and reasonably concluded that those records do not show that her migraines and sleep apnea caused more than a minimal effect on her ability to perform work activities during the relevant period. *Id.* at 21. Regardless, the ALJ was entitled to afford less weight to the minimal treatment Gonzalez received after her date last insured. *See Pearson v. Comm'r of Soc. Sec.*, 839 F. App'x 684, 689 (giving minimal weight to evidence generated after a claimant's date last insured); *see also Gillhooley v. Kijakazi*, No. 22-1581, 2023 WL 7170641, at *9 (M.D. Pa. Oct. 31, 2023), citing *Ortega v. Comm'r of Soc. Sec.*, 232 F. App'x 194, 197 (3d Cir. 2007) (noting that evidence post-dating a claimant's date last insured is less relevant because a claimant must prove disability in the relevant time period). Accordingly, the ALJ's step two denial was supported by substantial evidence.[1]

[1] Gonzalez also argues that the ALJ cherry-picked evidence, failed to develop the record, and relied on treatment gaps. Doc. 10 at 9, 11-12. These arguments amount to no more than a request for the Court to reweigh the evidence, and thus will be dismissed. *See Jones v. Barnhart*, 365 F.3d 501, 505 (3d Cir. 2024) (explaining that an ALJ need not use particular language or adhere to a particular format in conducting his analysis); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir.

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 28, 2026

<u>s/*Sean A. Camoni*</u>
Sean A. Camoni
United States Magistrate Judge

---

2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence.").